## THE JULIA SHERWOOD.

*(District Court, E. D. New York. July 25, 1881.)*

1. EXCEPTIONS TO LIBEL—LIEN UNDER THE LAWS OF NEW YORK.

Exceptions being filed to a libel claiming a lien upon a vessel for repairs and supplies in the port of New York, under the statute of the state, alleging that no facts were stated sufficient to constitute a cause of action, that no lien existed, and that the cause of action was not one of admiralty and maritime jurisdiction: *Held*, that the exceptions were not well taken; that the filing of specifications was not a necessary averment where it appeared that the vessel had not left the port; and that the statement of the libel that the work was done on a domestic vessel, in her home port, at the request of the owner, and the claim was sought to be enforced within a month, were sufficient to create a lien under the statute of the state of New York which may be enforced in the admiralty.

*Tunis G. Bergen,* for libellant.

*Samuel B. Caldwell,* for claimant.

BENEDICT, D. J. The exception to the libel is not well taken. Upon the facts stated in the libel a lien upon the canal-boat was created by virtue of the statute of the state where the materials were supplied. It was not necessary to aver that a specification of the claim has been filed. The filing of a specification is only necessary in case the vessel leaves the port, and by this libel it does not appear that the vessel ever left the port.

The libellant is entitled to a decree, upon the exceptions, for the amount claimed, with leave to the claimant to answer on payment of costs.